**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**TERRELL CURTIS** **PLAINTIFF**

**v.** **CASE NO. 4:25-CV-00691-BSM**

**CITY OF MAUMELLE, *et al.*** **DEFENDANTS**

**ORDER**

Defendants' motion for summary judgment [Doc. No. 24] is granted, and Terrell Curtis's claims are dismissed with prejudice.

I. BACKGROUND

Terrell Curtis owns and operates Start Construction, which began renovating a home in Maumelle in June 2022. Compl., ¶ 15, Doc. No. 1; Pl.'s Resp. to Statement Undisputed Material Facts ("SUMF") ¶¶ 1–2, Doc. No. 27. After the property failed multiple inspections, the city revoked the project's permit in January 2025 because it was failing to make appreciable progress towards completion. SUMF ¶¶ 6–13, 18–22. Curtis disagrees with the city's position regarding the lack of appreciable progress. *Id.* At the time the permits were revoked, there were outstanding liens on the property. *Id.* ¶¶ 25–26.

In March and April of 2025, the city sent notices to the project's creditors, posted notice on the property, and notified neighbors that a condemnation hearing would be held. *Id.* ¶¶ 27–30. At the time these notices were provided, Curtis's lawyer was negotiating with the Maumelle City Attorney in an attempt to get permission to continue with the project in exchange for Curtis providing certain financial disclosures to the city. Pl.'s Resp. in

Opposition to Mot. Summ. J., Doc. No. 28, Ex. 2, Curtis Dep. at 30–31, 74–75 ("Curtis Dep."). Curtis believed the agreement with the city attorney would give him an additional six to eight months to finish the project. *Id.* at 66. He was also told that posting a $50,000 bond would allow him to move forward. *Id.* at 28–29, 46–48.

The city council held the condemnation hearing on May 19, 2025, and Curtis's lawyer appeared and spoke for him. SUMF ¶ 34; Pl.'s Resp. in Opposition to Mot. Summ. J., Doc. No. 28, Ex. 4 ("Meeting Minutes") at 2. The city council voted to condemn the property pursuant to Maumelle City Code section 14-40(b), which allows permit revocation when a project fails to make appreciable progress for over three months. SUMF ¶ 31.

Curtis is suing the city, its director of planning and permits, its mayor, and its city council members for violating his right to procedural and substantive due process, for unreasonable seizure, for equal protection violations, and for trespass and civil conspiracy. Defendants are moving for summary judgment on all claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in the pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence

demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Curtis's request that summary judgment should be denied because defendants failed to timely move for it is denied because defendants timely filed their motion. Doc. No. 22; Doc. No. 24 (defendants filed on the motions deadline of August 31, 2026).

### A. Procedural Due Process

Summary judgment is granted on Curtis's procedural due process claim under the U.S. Constitution because Curtis was notified of the city's intent to condemn his property and he was given a chance to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *see also Samuels v. Meriwether*, 94 F.3d 1163, 1166–67 (8th Cir. 1996). Although Curtis asserts that he was not given an opportunity to be heard at the hearing, it is undisputed that his lawyer attended the hearing and spoke on his behalf. Meeting Minutes at 2. In an effort to dispute the record, Curtis points to unsupported and conclusory statements that he was not given an opportunity to be heard. *Holden*, 663 F.3d at 340 ("Once the moving party has made and supported their motion, the nonmoving party must proffer admissible evidence demonstrating a genuine dispute as to a material fact."). Curtis's bald statements in opposition to summary judgment are not enough to overcome properly supported record

evidence.

Summary judgment is also granted on Curtis's procedural due process claim under the Arkansas Constitution because those claims are analyzed identically to those under the U.S. Constitution. *Ingram v. City of Pine Bluff*, 133 S.W.3d 382, 386 (Ark. 2003) (citing *Samuels*, 94 F.3d at 1166–67).

B. Substantive Due Process

Summary judgment is granted on Curtis's substantive due process claim because Curtis has failed to show that the city's action was "truly egregious and extraordinary" or "truly irrational." *Chesterfield Dev. Corp. v. Chesterfield*, 963 F.2d 1102, 1105 (8th Cir. 1992); *see also Azam v. City of Columbia Heights*, 865 F.3d 890, 896 ("Such a case must be so abusive as to be offensive to human dignity.") (citation modified). Curtis centers his substantive due process claim on three points: (1) defendants relied on the history of the project in making its decision to condemn, rather than relying on the state of the project at the time of the hearing; (2) the $50,000 bond required by the city was excessive; and (3) he had an agreement with the city attorney.

Despite Curtis's arguments, nothing in the record shows that the decision to condemn the property was egregious. This is true because the condemnation ordinance gives the city latitude in making condemnation decisions and permits council members to consider subjective criteria. Pl.'s Brief at 9; *see* Maumelle City Ord. No. § 14-40(b) (providing no definition of "appreciable progress"). Consequently, it was not unreasonable for the council

to rely on the history of the project when making its decisions. Moreover, given the financial difficulties the project faced, it was not unreasonable for the City to request the $50,000 bond. *See* Meeting Minutes at 2–3. Finally, defendants considered the negotiations between Curtis and the city attorney but ultimately decided that it was in the best interest of the City to condemn. *Id.* at 2– 3.

C. Equal Protection

Summary judgment is granted on Curtis's equal protection claim because Curtis has failed to demonstrate that he was treated differently from other similarly situated individuals. *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Curtis is a "class-of-one" because he alleges he was treated differently from other similarly situated people, not that he is part of a larger group being discriminated against. *Id.* To establish a class-of-one claim, Curtis must lay out "a specific and detailed account of the nature of the preferred treatment of the favored class, especially when the state actors exercise broad discretion to balance a number of legitimate considerations." *Mensie v. City of Little Rock*, 917 F.3d 685, 692 (8th Cir. 2019). Curtis points to no comparators to establish preferred treatment toward another class. The only comparison he attempts to draw is with another project that "had problems." Pl.'s Brief at 11, Doc. No. 29. He does not demonstrate in any way how that project was similar to his or how it was evaluated differently by the defendants. This falls well below the requirement of "specific and detailed" facts.

D. Unreasonable Seizure

Summary judgment is granted on Curtis's unreasonable seizure claim because the City's interest in protecting neighboring properties, maintaining compliance with city ordinances, and ensuring projects are constructed safely outweigh Curtis's interest in obtaining more time to fix the project's deficiencies. To be sure, seizures must be reasonable, and reasonableness is determined by balancing government and private interests. *Soldal v. Cook Cnty.*, 506 U.S. 56, 71 (1992); *Hroch v. City of Omaha*, 4 F.3d 693, 697 (8th Cir. 1993). In the condemnation context, however, the government has a strong interest in public health and safety. *See Cross v. Mokwa*, 547 F.3d 890, 895 (8th Cir. 2016). And Curtis was given three years to bring his property into compliance with the City's ordinances but he failed to do so. SUMF ¶¶ 6, 38.

E. <u>Trespass</u>

Summary judgment is granted on Curtis's trespass claim because Curtis offers no evidence of a trespass. Although Curtis contends that his failure to prove "that an unlawful entry or seizure occurred does not mean that it did not occur," Pl.'s Brief at 15, summary judgment is granted because he has failed to provide factual support for his claim. *Holden*, 663 F.3d at 340.

F. <u>Civil Conspiracy</u>

Summary judgment is granted on Curtis's civil conspiracy claim because Curtis has presented no facts demonstrating the existence of a conspiracy. To establish civil conspiracy, Curtis must show that (1) defendants conspired to violate his constitutional rights; (2) there

was an overt act in furtherance of the conspiracy by at least one co-conspirator; and (3) he was injured by the overt act. *S.L. v. St. Louis Metro. Police Dep't Bd. of Police Comm'rs*, 725 F.3d 843, 850 (2013); 42 U.S.C. § 1983. In support of his claim, Curtis merely states that the decision to condemn his property "may support a mutual understanding between the defendants." Pl.'s Brief at 13. This, however, is not specific enough to assert a civil conspiracy. *See Holden*, 663 F.3d at 340 (plaintiffs must allege specific facts to survive summary judgment). Curtis points to nothing in the record suggesting the decision to condemn his property was the result of a conspiracy.

G. Arkansas Civil Rights Act

To the extent Curtis is pursuing claims under the Arkansas Civil Rights Act, summary judgment is granted because ACRA claims are analyzed similarly to 42 U.S.C. section 1983 claims. Ark. Code Ann. § 16-123-105(c); *Graham v. Cawthorn*, 427 S.W.3d 34, 44 (Ark. 2013).

H. Municipal Liability

Summary judgment is granted on all claims against the City because municipalities cannot be held liable when there are no underlying constitutional violations. *Partridge v. City of Benton*, 157 F.4th 970, 974 (8th Cir. 2025) ("[L]iability may not be imposed where no municipal official or employee committed a constitutional violation."). Likewise, summary judgment is granted on all official capacity claims because official capacity claims cannot proceed without an underlying constitutional violation. *Kentucky v. Graham*, 437

U.S. 159, 165–66 (1985) ("Official capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.") (citation modified).

## IV. CONCLUSION

For these reasons, defendants' motion for summary judgment is granted and Terrell Curtis's claims are dismissed with prejudice.

IT IS SO ORDERED this 19th day of October, 2026.

UNITED STATES DISTRICT JUDGE